J. S67038/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON LEE WILSON, | : | |
| | : | |
| Appellant | : | No. 826 WDA 2014 |

Appeal from the PCRA Order April 17, 2014
In the Court of Common Pleas of Warren County
Criminal Division No(s).: CP-62-CR-0000359-2008

BEFORE: DONOHUE, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JANUARY 09, 2015**

Appellant, Jason Lee Wilson, appeals from the order entered in the Warren County Court of Common Pleas denying, after an evidentiary hearing, his first Post Conviction Relief Act[1] ("PCRA") petition. This case returns to us after we remanded to have counsel comply with all the requirements of **_Turner_**/**_Finley_**,[2] including filing a petition to withdraw with this Court. Appellant's counsel has substantially complied. We grant counsel's petition to withdraw and affirm the order below.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **_Commonwealth v. Turner_**, 544 A.2d 927 (Pa. 1988); **_Commonwealth v. Finley_**, 550 A.2d 213 (Pa. Super. 1988) (_en banc_).

We adopt the facts and procedural history set forth in the PCRA court's decision. **See** PCRA Ct. Op., 4/17/14, at 1-3. After an evidentiary hearing at which Appellant and his trial counsel testified, the PCRA court denied Appellant's petition on April 17, 2014. Appellant timely appealed. On May 14, 2014, the trial court ordered Appellant to file and serve on the court a Pa.R.A.P. 1925(b) statement within twenty-one days. The docket does not reflect compliance with Pa.R.C.P. 236.[3] On May 22, 2014, Appellant filed a Rule 1925(b) statement but failed to serve a copy on the court. The PCRA court issued a Rule 1925(a) decision objecting to counsel's failure to serve the Rule 1925(b) statement.

Instantly, we ascertain whether Appellant complied with Pa.R.A.P. 1925(b)(1), which states in relevant part: "(1) **Filing and service**.— Appellant shall file of record the Statement **and** concurrently shall serve the judge. Filing of record and service on the judge shall be in person or by mail . . . ." Pa.R.A.P. 1925(b)(1) (emphasis added). We must also examine whether the PCRA court strictly complied with Pa.R.C.P. 236 when it ordered a Rule 1925(b) statement. **See In re L.M.**, 923 A.2d 505, 509-10 (Pa. Super. 2007) (holding, "strict application of the bright-line rule [of Rule 1925 waiver] necessitates strict interpretation of the rules regarding **notice** of Rule 1925(b) orders." (citation omitted)).

---

[3] We discuss this in further detail below.

Rule 236 states in pertinent part:

**Rule 236. Notice by Prothonotary of Entry of Order or Judgment**

(a) The prothonotary shall immediately give written notice of the entry of

\* \* \*

(2) any other order or judgment to each party's attorney of record or, if unrepresented, to each party. The notice shall include a copy of the order or judgment.

(b) The prothonotary shall note in the docket the giving of the notice and, when a judgment by confession is entered, the mailing of the required notice and documents.

Pa.R.C.P. 236(a)(2), (b). Rule 236 mandates that the prothonotary give "written notice of the entry of a court order to each party and to note **on the docket** that notice was given." *Id.* at 510 (emphasis added).

If the docket does **not** show that notice of the entry of a Rule 1925(b) order was provided to an appellant, then we will **not** conclude that the appellant's issues have been waived for failure to file a Rule 1925(b) statement. That a party may have actually received notice is **not** determinative under circumstances where the docket does not reflect that notice was sent.

*In re L.M.*, 923 A.2d at 510 (emphases added and citations omitted).

In this case, Appellant's counsel inexplicably failed to serve the PCRA judge with a copy of the Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b). We decline to find waiver, however, as the docket does not reflect notice of the entry of the order on Appellant. *See In re L.M.*, 923 A.2d at 510. We return to the procedural history.

- 3 -

Previously, Appellant's counsel filed a **Turner**/**Finley** brief with this Court without, *inter alia*, filing a petition to withdraw and complying with all the requirements of **Turner**/**Finley**. Appellant filed a *pro se* petition for remand for appointment of new PCRA counsel. This panel struck counsel's brief, forwarded Appellant's *pro se* petition to counsel per **Commonwealth v. Jette**, 23 A.3d 2032 (Pa. 2011), and ordered counsel to, *inter alia*, comply with **Turner**/**Finley**. Counsel has filed another **Turner**/**Finley** brief and a petition to withdraw. Appellant did not file a *pro se* response.

Appellant's counsel raises the following issues:

> Is [Appellant's] claim of ineffective assistance of counsel without merit?
>
> Were [Appellant's] due process and constitutional rights violated when he entered a knowing, intelligent, and voluntary plea?

Appellant's **Turner**/**Finley** Brief at 4.

Prior to addressing the issues raised in the **Turner**/**Finley** brief, we examine the following in evaluating counsel's petition to withdraw:

> [I]ndependent review of the record by competent counsel is required before withdrawal is permitted. Such independent review requires proof of:
>
> 1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his review;
>
> 2) The "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;
>
> 3) The PCRA counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;

4) The PCRA court conducting its own independent review of the record; and

5) The PCRA court agreeing with counsel that the petition was meritless.

*Commonwealth v. Widgins*, 29 A.3d 816, 817-18 (Pa. Super. 2011)

(alterations and citations omitted).

Further, the *Widgins* Court explained:

The Supreme Court [in *Commonwealth v. Pitts*, 981 A.2d 875 (Pa. 2009),] did not expressly overrule the additional requirement imposed by [*Commonwealth v. Friend*, 896 A.2d 607 (Pa. Super. 2006),] decision, *i.e.*, that PCRA counsel seeking to withdraw contemporaneously forward to the petitioner a copy of the application to withdraw that includes (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel.

*Id.* at 818. Instantly, we have reviewed counsel's petition to withdraw and conclude it substantially[4] complies with the requirements set forth by the *Widgins* Court. *See id.* Accordingly, we proceed.

We summarize Appellant's arguments for both of his issues, as they are interrelated. He contends that before he pleaded guilty, trial counsel was ineffective by not obtaining a non-exculpatory DNA lab test report.

---

[4] Appellant's counsel failed to advise Appellant explicitly regarding the nature and extent of his review. *See Widgins*, 29 A.3d at 817-18. Counsel's discussion of Appellant's issues, however, evidences a review of the record. *See id.*

Appellant acknowledges the Commonwealth also did not have the lab test report at the time of his plea hearing. Appellant claims that because he did not have the lab report, his guilty plea was not knowingly entered. We hold Appellant is not entitled to relief.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1267 (Pa. 2008). Furthermore, where there is support for a PCRA court's credibility determinations, the reviewing court is bound by those determinations. ***Commonwealth v. Abu-Jamal***, 720 A.2d 79, 93 (Pa. 1998).

With respect to claims of counsel's ineffectiveness, we state the following as background:

> [C]ounsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her conduct; and (3) Appellant was prejudiced by counsel's action or omission. To demonstrate prejudice, an appellant must prove that a reasonable probability of acquittal existed but for the action or omission of trial counsel. A claim of ineffective assistance of counsel will fail if the petitioner does not meet any of the three prongs. Further, a PCRA petitioner must exhibit a concerted effort to develop his ineffectiveness claim and may not rely on boilerplate allegations of ineffectiveness.

***Commonwealth v. Perry***, 959 A.2d 932, 936 (Pa. Super. 2008) (punctuation marks and citations omitted).

In determining whether counsel's action was reasonable, the court does not consider "whether there were other more logical courses of action" counsel could have pursued, but simply examines whether counsel's decision had any reasonable basis. *Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007). Conversely, to merit relief, counsel's action, given all the other available alternatives, must be "so unreasonable that no competent lawyer would have chosen it." *Commonwealth v. Miller*, 431 A.2d 233, 234 (Pa. 1981) (citation omitted).

A failure to satisfy any prong of the test for ineffectiveness requires rejection of the claim. *Washington*, 927 A.2d at 594. "In the context of a PCRA proceeding, [the defendant] must establish that the ineffective assistance of counsel was of the type 'which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.'" *Id.* (citations omitted). The defendant must establish actual prejudice, or demonstrate that the alleged act of ineffectiveness falls within a narrow range of circumstances in which there is a presumption of prejudice. *Commonwealth v. Reed*, 971 A.2d 1216, 1224-25 (Pa. 2009).

This Court set forth the applicable law regarding counsel's stewardship during guilty plea colloquies:

> A criminal defendant has the right to effective counsel during a plea process as well as during trial. The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty. Instead, the

defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. Therefore, allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea.

Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to manifest injustice. A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. A defendant's disappointment in the sentence imposed does not constitute manifest injustice.

In order to ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions in the guilty plea colloquy:

1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?

2) Is there a factual basis for the plea?

3) Does the defendant understand that he or she has the right to a trial by jury?

4) Does the defendant understand that he or she is presumed innocent until found guilty?

5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

The guilty plea colloquy must affirmatively demonstrate that the defendant understood what the plea connoted and its consequences. Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. . . . Furthermore, nothing in the rule precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings.

*Commonwealth v. Bedell*, 954 A.2d 1209, 1212-13 (Pa. Super. 2008) (punctuation and citations omitted).

After careful consideration of the record, the parties' briefs, and the decision of the Honorable Maureen A. Skerda, we affirm on the basis of the PCRA court's opinion. *See* App. A to PCRA Ct. Op., 6/30/14, at 6-8 (holding lab report that was neither inculpatory nor exculpatory provides no basis for PCRA relief and plea of guilty was constitutionally sound). We have also conducted our own independent review of the record and discern no meritorious issues. *See Widgins*, 29 A.3d at 818. Consequently, having discerned no legal error, we grant counsel's petition to withdraw and affirm the order below. *See Abu-Jamal*, 941 A.2d at 1267; *Perry*, 959 A.2d at 936.

Petition to withdraw granted. Order affirmed.

Judge Donohue joins the memorandum.

Judge Mundy concurs in the result.

J. S67038/14

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/9/2015

IN THE COURT OF COMMON PLEAS
OF THE 37th JUDICIAL DISTRICT OF PENNSYLVANIA
WARREN COUNTY BRANCH
CRIMINAL

COMMONWEALTH OF PENNSYLVANIA

v.                                                          No. 359 of 2008

JASON LEE WILSON

### OPINION PURSUANT TO Pa.R.A.P 1925(a)

Presently before the Court is the appeal of Jason Lee Wilson ("Appellant") of an order dismissing his Amended Petition for Post-Conviction Collateral Relief ("PCRA") following the Court's appointment of Counsel and hearing on the matter. Appellant appeals the denial by the Court of his Amended Petition for Post-Conviction Relief following a hearing at which Petitioner was represented by Counsel. For this Court's findings and analysis, as well as a procedural history of the case this Court would respectfully refer the honorable judges to this Court's "Memorandum Opinion" dated April 17, 2014, and attached to this Opinion as "Appendix A." However, this Court must also address a procedural issue.

Following the above-referenced "Memorandum Opinion" issued by this Court, Appellant, through his Court-appointed counsel Robert Kinnear, Esquire served this Court with Notice of Appeal on May 13, 2013.[1] Following receipt of said Notice, this Court entered an order on May 13, 2014 directing Appellant to file a Concise Statement of Matters Complained of on Appeal no later than twenty-one (21) days from the date of the Order. Twenty-one days having passed, and with no service of Appellant's Concise Statement pursuant to Pa.R.A.P. 1925(b) on the Court,[2] the Court Administrator, or the Court Reporter, this Opinion follows.

Under the Pennsylvania Rules of Appellate Procedure Rule 1925(b), the Court may direct an Appellant "to file of record in the trial court *and serve on the judge* a concise statement of errors complained of on the appeal." Pa.R.A.P. 1925(b). (emphasis added). In addition, "Appellant shall file of record the statement *and concurrently shall serve the judge*...service on the judge shall be in person or by mail..." Pa.R.A.P. 1925(b)(1). Therefore, it is apparent that the

---

[1] Appellant was at all times relating to the appeal of this Court's decision represented by Attorney Robert Kinnear.

[2] In fact, this Court did eventually receive a copy of Appellant's "Concise Statement of Errors Complained of on Appeal," albeit through the Warren County Clerk of Courts several weeks after filing.



197

rule, by its plain language, requires Appellant to produce and serve directly on the trial court a response to the Court's request for a concise statement.

Appellant, by and through his Attorney, were plainly advised in this Court's order that the Court had to be served with the statement of errors complained of on appeal. The Pennsylvania Supreme Court indicates that "in determining whether an Appellant has waived issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an Appellant's obligation under the rule, and therefore, [the court will] first look to the language of that order." *Berg v. Nationwide Mut. Ins. Co.*, 6 A.3d 1002, 1007-1008, (Pa. 2010). Specifically, the Order issued by this Court read, in its entirety, as follows:

> AND NOW, this 13[th] day of May, 2014, the trial court being served with Notice of Appeal by the Defendant of the order entered on April 17, 2014, IT IS ORDERED pursuant to Rule 1925(b) of the Rules of Appellate Procedure, the Appellant shall file of record *and serve on the trial court in accordance with Rule 1925(b)*, a concise statement of the errors complained of on the appeal within twenty-one days from the date hereof. *Any issue not properly included in the Statement timely filed and served in accordance with Rule 1925(b) shall be deemed waived.* (emphasis added)

In addition, the Supreme Court in *Berg* held that "*Under these circumstances*, where the trial court's order is inconsistent with the requirements of Rule 1925(b)(3)(iii)[3], we hold that the waiver provisions of subsection (b)(4)(vii) do not apply." *Berg*, 6 A.3d at 1011 (emphasis added). While this holding may seem dispositive, there are significant factual distinctions between the instant case and *Berg* that this Court believes allow the Appellant's appeal to be quashed in spite of this ruling. The Supreme Court described the factual predicate to this case as follows:

> [T]he trial court's order instructed Appellants to "file with the Court, *and a copy with the trial judge,* a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one (21) days of the issuance of this order." Despite any suggestion to the contrary, the express language of his order did not instruct Appellants to serve a copy of their 1925(b) Statement on the trial judge; rather, it directed Appellants to file copies of their 1925(b) Statement with the court and with the trial judge. Although the instruction to file a document with a trial judge is an oddity, we conclude *Appellants*

---

[3] Rule 1925(b)(3)(iii) reads as follows: "(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court...(3) Contents of order...(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1);"

*substantially complied* with this directive by presenting a copy to the prothonotary of Berks County.

*Id.* at 1007-08 (emphasis added).

There are two main distinctions between Appellants case and the case in *Berg.* In *Berg,* the trial court's order merely indicated that the Appellant should "file...a copy with the trial judge." *Id.* This is admittedly a vague statement, and clearly fails to comply with Pa.R.A.P. 1925(b)(3)(iii). Additionally, the Appellants in *Berg,* even though they were only instructed to "file ... a copy with the trial judge" substantially complied with the order. In addition, the facts in *Berg* are very distinct from the facts in this case:

> On January 17, 2008, at approximately 4:14 p.m., counsel for Appellants arrived at the Berks County Prothonotary's Office to file Appellants' 1925(b) Statement. Counsel had three copies of the 1925(b) Statement time-stamped: one for the prothonotary; one for counsel's file; and one for the trial judge. Appellants' counsel avers that he did not know the precise location of Judge Stallone's chambers because Judge Stallone was on senior status and thus had no permanent assignment of a chambers or courtroom; accordingly, Appellants' counsel asked the prothonotary for the location of Judge Stallone's chambers so that he could personally deliver the judge's copy of the 1925(b) Statement. The prothonotary declined to specify a location where Judge Stallone could be found, and, instead, advised Appellants' counsel that the judge wanted only the "original" statement; that the judge was expecting the 1925(b) Statement; and that the prothonotary would deliver within ten minutes the 1925(b) Statement to the judge, who, it seems, was secreted away in the bowels of the Berks County Courthouse. According to Appellants' counsel, the prothonotary refused to accept more than one time-stamped copy of the 1925(b) Statement, continually insisting that the "Court always wants 'the original.'"

*Id.* at 1004.

Thus, Appellants in the above case attempted to substantially comply with the trial judge's order. On the other hand, Appellant's counsel has failed to include the Court in his service. The Court directed Appellant to file and serve this Court with his statement. This order, reproduced at page two, is abundantly clear, and should be the more so because Appellant was represented by Counsel, who presumably can read and interpret court orders. As of the date of this opinion, no service of Appellant's 1925 Statement has been perfected on this Court, the Court Reporter, or the Court Administrator. Additionally, the "Certificate of Service" attached by Appellant to the Statement, and attached to this Opinion as "Appendix D" contains a certification by Attorney Kinnear that he served the District Attorney and the Clerk of Courts.

3

However, in the event that the Honorable Judges of the Superior Court determine that the appeal should proceed, this Court would respectfully direct the Judges to the Court's earlier "Memorandum Opinion," as stated above, when reviewing this Court's decision.

No further opinion of Court shall issue.



MAUREEN A SKERDA, PRESIDENT JUDGE

June 30 , 2014

FILED
2014 JUN 30 PM 3: 42
WARREN COUNTY
PROTHONOTARY/
CLERK OF COURTS

4

IN THE COURT OF COMMON PLEAS
OF THE 37th JUDICIAL DISTRICT OF PENNSYLVANIA
WARREN COUNTY BRANCH
CRIMINAL

COMMONWEALTH OF PENNSYLVANIA

v.                                                                          No. 359 of 2008

JASON LEE WILSON

MEMORANDUM OPINION

Presently before the Court for consideration is Jason Lee Wilson's (hereinafter "Petitioner") "Amended Motion for Post Conviction Collateral Relief."[1] Petitioner argues both ineffective assistance of counsel and constitutional claims. For the reasons set forth herein, and after an independent review of the record and hearing testimony of Petitioner and Petitioner's former criminal counsel in the above-captioned criminal proceedings, Petitioner is not entitled to post-conviction relief, and no purpose would be served by further proceedings.

The factual background and partial appellate history of this case have been twice summarized by the Superior Court, and this Court would respectfully direct the parties to the background elucidated by that Court:

> Appellant's charges at docket number 359 of 2008 arose after he broke into a bar that had closed for the night. When Appellant encountered the bartender, he beat her and choked her into unconsciousness. Appellant's charges at docket number 414 of 2008 pertained to his attempt to escape from custody during a proceeding on no. 359 convened to address the Commonwealth's petition to revoke bail. When the trial court granted the Commonwealth's petition, Appellant fled the courthouse and was apprehended a few blocks away after a brief pursuit. See Trial Court Opinion ("T.C.O."), 2/17/2012, at 1.
>
> Subsequently, Appellant pleaded guilty at no. 359 to aggravated assault (extreme indifference) and criminal trespass. At the same proceeding, at no. 414, Appellant pleaded guilty to escape. On October 27, 2008, following Appellant's entry of his pleas, Appellant filed a Motion for Psychological Examination in Aid of Sentencing. The trial court denied this motion on October 28, 2008.
>
> Appellant's sentencing proceedings took place on November 21, 2008. At the outset, Appellant by oral motion sought a continuance to have a presentence

---

[1] Petitioner's "Amended Motion for Post Conviction Collateral Relief" will be referred to as the Petitioner's "PCRA" for sake of brevity.

1

psychological evaluation performed at his own expense. The trial court again denied Appellant's motion. The trial court then permitted Appellant's counsel to address the court, after which the prosecutor did the same. Evidently, during the latter presentation the prosecutor made "disparaging remarks regarding Appellant's character." T.C.O. at 3. Appellant, then upset, according to the trial court, requested and was granted the opportunity to address the court. During his comments to the court, Appellant admitted the break-in, but denied the assault to which he had pleaded guilty, claiming that he had in his possession physical evidence proving that he did not attack the victim. Appellant concluded: "[T]he way [the prosecutor] just talked to me, I'd like to retract my plea." T.C.O. at 3. The court denied Appellant's oral motion for withdrawal and proceeded to sentencing. At no. 359, Appellant was sentenced to an aggregate 133 to 246 months' incarceration in state prison. At no. 414, he was sentenced to twenty-four to forty-eight months' incarceration, to run consecutively with his sentence at 359 of 2008. Thus, Appellant's aggregate sentence for the two informations was 147 to 294 months' incarceration.

Appellant filed a Motion for Reconsideration of Sentence on December 1, 2008, challenging the trial court's refusal to consider Appellant's mental health diagnosis. Appellant did not challenge the trial court's refusal to permit Appellant to withdraw his guilty plea. The court denied Appellant's motion, Appellant filed a direct appeal to this Court, and we affirmed Appellant's judgment of sentence on October 16, 2009, at docket number 2154 WDA 2008.[1] On January 28, 2010, Appellant filed a petition pursuant to the Post-Conviction Relief Act, 42 Pa.C.S. §§ 9541, et seq., raising, inter alia, trial counsel's failure to appeal the trial court's refusal to permit Appellant to withdraw his plea. On that issue, the trial court denied relief following a hearing.[2] However, Appellant appealed, and this Court, at docket number 1824 WDA 2010, reversed and remanded for further proceedings. On remand, the PCRA court restored Appellant's right to filed [sic] a direct appeal nunc pro tunc. . . .[3] Thereafter, Appellant filed a timely notice of appeal, the trial court issued an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b), and Appellant timely complied on February 3, 2012.

*Comm. v. Wilson*, 639 WDA 2013 (Pa. Super. Ct. Filed October 25, 2013) unpublished memorandum at 1-3, (quoting *Comm. v. Wilson*, 463 WDA 2012, 62 A.3d 468 (Pa. Super. Filed October 31, 2012), unpublished memorandum at 3–4 (original footnotes omitted)). The Superior Court affirmed this Court's decision on appeal, and Appellant filed a "Motion for Post Conviction Collateral Relief" on January 9, 2013. On February 25, 2013, this Court issued an order giving Petitioner notice of intent to dismiss the petition. Petitioner filed a response to the Court's order, and on March 27, 2013 the Court dismissed Petitioner's petition. Appellant filed a "Notice of Appeal" on April 11, 2013. Appellant filed a Concise Statement of Matters

2

*830*

"APPENDIX A"

Complained of on Appeal" on April 27, 2013, and this Court issued its "Memorandum Opinion Pursuant to Pa.R.A.P. 1925(a)" on May 24, 2013. The Superior Court issued an Opinion and Order on October 25, 2013 vacating this Court's order and remanding the issue with instructions. *Comm. v. Wilson*, 639 WDA 2013 (Pa. Super. Ct. Filed October 25, 2013) unpublished memorandum at 7. Specifically, the Superior Court instructed that, because this Court reinstated the Petitioner's appeal rights *nunc pro tunc*, the matter constituted the Petitioner's first, rather than second PCRA and consequently Petitioner was entitled Counsel on the instant PCRA. *Id.* at 5-6.

As a consequence, this Court held a videoconference colloquy with the Petitioner on January 7, 2014 pursuant to the Superior Court opinion, *Id.* at 7, and *Comm. v. Grazier*, 713 A.2d 81, (Pa. 1998). At the *Grazier* colloquy hearing, the Petitioner advised this Court that he wished for the Court to appoint him counsel for his PCRA petition. By order on January 8, 2014, the Court appointed Robert D. Kinnear, Esquire, as counsel for the Petitioner, and granted Attorney Kinnear thirty days to file an amended Petition. On February 7, 2014, PCRA counsel submitted an amended petition for post-conviction relief, and the Court held hearing on the matter on March 28, 2014. This opinion and order follow.

In his amended petition, Petitioner through counsel addressed the following: "(1) Whether Defendant's due process and/or constitutional rights were violated during plea bargaining; (2) Whether the Defendant was entitled to all evidence, including any testing done by a crime lab even though defendant pled guilty; (3) Whether the prosecutor committed prosecutorial misconduct by withholding exculpatory evidence from the defense and the Court; (4) Whether the Defense Counsel has a duty to investigate and should not rely on the information the Prosecutor furnishes before consulting with the Defendant on whether the Defendant should make a plea agreement or not; (5) Whether on appeal the Defendant's attorney has the right to question the Courts 1925(a) opinion; (6) Whether the Defendant should have been out on bail since January 2012 per rule 600(D)(2), which states that when an appellate court remanded a case to the trial court for whatever reason trial must commence within 120 days; (7) Whether the Judge should have recused himself since he was a witness to the second set of charges dealing with the escape; (8) Whether Ross McKiernan, the District Attorney, should have recused himself since he was a witness to the second set of charges dealing with the escape; and (9) Whether Defense Counsel was ineffective since he did not object in a timely manner when the

3

Defendant wanted to withdraw his plea of guilty but was not allowed to." PCRA Counsel Kinnear determined that issues (1)-(4) were meritorious, and issues (5)-(9) were meritless. Therefore, this Court held hearing only upon issues (1)-(4).

At Petitioner's March 28, 2014 PCRA hearing, Petitioner first called Warren County Chief Public Defender, John Parroccini. Attorney Parroccini represented Petitioner during the timeframe put into question by the PCRA. He took over Petitioner's case in 2008 after Attorney Siegel withdrew his appearance on behalf of Petitioner. Attorney Parroccini had access to discovery, as well as transcripts of the preliminary hearing. Attorney Parroccini testified that the Commonwealth offered Petitioner what he perceived to be a good plea deal immediately prior to jury selection. He indicated that in Warren County, common practice is to pick a jury several weeks prior to trial, and that after this point plea negotiations generally cease. Therefore, Attorney Parroccini testified that when the Commonwealth offered Petitioner the possible plea, they were given a short window of time in which to decide whether to take the offer or leave it. He explained that he was ready to take the case to trial, but that he informed Petitioner of the maximum period of incarceration for his offense, and indicated that he had to freely and voluntarily make that decision for himself. In addition, Attorney Parroccini indicated that he fully discussed the consequences of a guilty plea with the Defendant, as well as his options regarding any guilty plea.

The Petitioner also testified at hearing. He indicated that he did talk with Public Defender Parroccini, and indicated that Attorney Parroccini advised him that he was facing life for the charges. Petitioner also indicated that he ultimately entered a plea of guilty on the day of jury selection, after receiving the plea offer the Friday prior to jury selection.

As a preliminary matter, counsel for Petitioner and the Commonwealth stipulated to the admission of a lab report from the Erie Regional Laboratory of the Pennsylvania State Police that Petitioner alleged contained exculpatory evidence. Counsel also indicated that the lab report, entered as Petitioner's Exhibit 1, was not exculpatory in nature. The report contains inconclusive evidence at best, and while the evidence contained in the report is not inclupatory, neither is it exculpatory. Therefore, counsel concluded that the prosecutor was not required to produce the evidence under the *Brady* rule.[2] Consequently, Petitioner's claims relating to prosecutorial misconduct were rendered moot, and therefore counsel for Petitioner and the Commonwealth

---

[2] See *Brady v. Maryland,* 373 U.S. 83, 87 (U.S. 1963).

4

stipulated that issue number three relating to prosecutorial misconduct had no merit. Based on the stipulation on the record, this Court did not address issues (2) and (3) during the hearing, and will not do so here. Therefore, the only remaining meritorious issues for the Court to consider in this petition are:

(1) Whether the Defendant's due process and constitutional rights were violated during plea bargaining?; and

(4) Whether the Defense Counsel has a duty to investigate and should not rely on the information the prosecutor furnishes to the before consulting with the Defendant on whether Defendant should make a plea agreement or not?

In order to prove an ineffective assistance of counsel claim, Petitioner must rebut a presumption of professional competence on the part of defense counsel. *Comm. v. Gribble*, 863 A.2d 455, 460 (Pa. 2004) (citing *Comm. v. Pierce*, 786 A.2d 203, 213 (Pa. 2001)). In order to rebut said presumption, the Petitioner must show the following three elements: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. *Comm. v. Morrison*, 878 A.2d 102, 105 (Pa. Super Ct. 2005) (citing *Gribble*, 863 A.2d at 260). Failure to meet any one of these elements constitutes a failure to meet the burden required for the PCRA action. *Id.* (citing *Pierce*, 786 A.2d 203, 213 (Pa. 2001)). "Where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests." *Comm. v. Lesko*, 15 A.3d 345, 380 (Pa. 2011) (quoting *Comm. v. Puksar*, 951 A.2d 267, 277 (Pa. 2008)). Counsel's competence is presumed to have been effective, and judicial review of counsel's decisions should be "highly deferential" *Lesko*, 15 A.3d at 380 (citing *Strickland v. Washington*, 466 U.S. 668, 689 (U.S. 1984)). In order to succeed on an ineffectiveness claim the Petitioner must prove that no reasonable, competent attorney would have proceeded on the same course of action. *Comm. v. Rega*, 933 A.2d 997, 1018-1019 (Pa. 2007) (citing *Comm. v. Williams*, 640 A.2d 1251, 1265 (Pa. 1994)). The burden lies with the petitioner to prove "that counsel's performance was deficient and that such deficiency prejudiced him." *Comm. v. Koehler*, 36 A.3d 121, 132 (Pa. 2012) (citing *Strickland*, 466 U.S. at 687-91).

5

Petitioner argues that Public Defender Parroccini's representation during plea negotiations was ineffective, as he had a duty to investigate and should not have relied on the assertions of the prosecutor when negotiating a plea. Petitioner has failed to prove both prongs (2) and (3) of the test elucidated in *Morrison* and indicated above.[3] First, it is clear that Petitioner has failed to rebut the presumption of competent representation regarding Attorney Parroccini's handling of strategy surrounding plea negotiations. As Attorney Parroccini testified at hearing, he was of the opinion that considering the charges Petitioner faced, including an Attempted Homicide charge, the Commonwealth proffered a generous plea deal. Additionally, Attorney Parroccini indicated that the Commonwealth offered the plea deal in the days immediately before jury selection, which gave him only a short amount of time to discuss with the defendant the offer and to allow his client to fully consider the deal. Indeed, Petitioner indicated to the Honorable William F. Morgan at the time of his change of plea that he had fully discussed the consequences of the plea with Attorney Parroccini and that he was satisfied with Mr. Parroccini's representation. Tr. of Change of Plea, Oct. 27, 2008, 7. Additionally, Attorney Parroccini indicated to the Court that he was ready to take this case to trial, but that he thought the Commonwealth offered a generous deal. Nothing that Petitioner has addressed in testimony rebuts the presumption of Attorney Parroccini's competence.

In addition, Petitioner has clearly failed to prove that there would be a reasonable likelihood that competent representation would have changed the outcome of the case. *Morrison*, 878 A.2d at 105. As indicated above, the alleged conduct in failing to investigate stems mainly from the lab report Petitioner requested but had not received at the time of the guilty plea. As stipulated to by counsel, this lab report was determined by the parties to be non-exculpatory in nature, and as a consequence the prosecuting attorney for the Commonwealth was under no obligation to turn the evidence over. Regardless of the Commonwealth's obligations, since this piece of evidence was the issue raised by Petitioner in alleging ineffective assistance of counsel, it must make it reasonably likely that the outcome of this case would change. The nature of the evidence speaks for itself. Since the evidence was not exculpatory in nature, the likelihood of its changing the outcome of the case is minimal.

Finally, Petitioner makes the claim that his due process and constitutional rights were violated during plea bargaining. Under the PCRA, a Petitioner is eligible for relief where "the

---

[3] As Petitioner's argument fails as to both prongs (2) and (3), this Court need not discuss prong (1).

6

conviction or sentence resulted from ... (iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." 42 Pa.C.S.A. §9543(a)(2)(iii). In order to obtain relief, there must have been an unlawful coercion of a defendant during the plea process and this coercion must have been intentional. *Comm. v. Dennis*, 282 A.2d 371, 374 (Pa. 1971).

Petitioner's claim attempts to bootstrap the Prosecutor's non-disclosure of alleged exculpatory evidence into an argument that plea bargaining violated his constitutional rights. Petitioner therefore appears to be arguing that the Commonwealth unlawfully and unconstitutionally induced his guilty plea, based on the prosecutor's non-disclosure of a single non-exculpatory lab report. With this in mind, the Petitioner has presented no evidence other than the inconclusive lab report during his hearing that would indicate the Commonwealth or Attorney Parroccini attempted to induce Petitioner to plead to the charges. On the contrary, Petitioner indicated during his plea colloquy that he was undertaking the plea of his own free will. Tr. of Change of Plea, Oct. 27, 2008, 6. This Court therefore concludes that Petitioner's Constitutional rights have not been violated in this respect.

A guilty plea itself is only considered constitutionally valid where "the defendant understood what the plea connoted and its consequences," as affirmatively evidenced by the plea court's colloquy. *Comm. v. Rush*, 909 A.2d 805, 808 (Pa. Super. Ct. 2006) (citing *Comm. v. Fluharty*, 632 A.2d 312, 314 (Pa. Super. Ct. 1993)). A plea of guilty is valid where, based on a totality of the circumstances test, the conditions "surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." *Rush*, 909 A.2d at 808 (citing *Fluharty*, 632 A.2d 312, 314). "A criminal defendant who elects to plead guilty has a duty to answer questions truthfully. We can not [*sic*] permit a defendant to postpone the final disposition of his case by lying to the court" *Comm. v. Cortino*, 563 A.2d 1259, 1262 (Pa. Super. Ct. 1989) (citing *Comm. v. Edrington*, 464 A.2d 456 (Pa. Super. Ct. 1983)). The presumption, therefore, is that when a defendant answers questions from the court during colloquy relating to his or her plea, he or she is aware of the significance of doing so. *Rush*, 909 A.2d at 808 (citing *Comm. v. Pollard*, 832 A.2d 517, 522 (Pa. Super. 2003)).

As indicated above, the totality of the circumstances indicate to this Court that the Petitioner entered into his plea knowingly and voluntarily, and therefore his constitutional rights

7

835

were not violated by the entry of the plea. It was clear from the testimony of Attorney Parroccini that the consequences of a guilty plea were explained to Petitioner. In addition, Petitioner answered in the affirmative during his plea colloquy that Mr. Parroccini explained the consequences of his plea. Tr. of Change of Plea, Oct. 27, 2008, 7. When this is coupled with the fact that the lab report that Petitioner contends unlawfully induced a plea was in fact not exculpatory and therefore was ultimately inconsequential to his plea, it is apparent that Petitioner was fully aware of the consequences of his plea, and that it was knowing, intelligent and voluntary based on a totality of the circumstances.

For the forgoing reasons, the Court enters the following order:

8

"APPENDIX A"

IN THE COURT OF COMMON PLEAS
OF THE 37th JUDICIAL DISTRICT OF PENNSYLVANIA
WARREN COUNTY BRANCH
CRIMINAL

COMMONWEALTH OF PENNSYLVANIA

v.                                                                    No. 359 of 2008

JASON LEE WILSON

## ORDER

AND NOW, this 17th day of April, 2014, upon consideration of Petitioner's Petition for Post-Conviction Relief, after hearing held thereon, and for the reasons stated in the accompanying Opinion and on the record, it is hereby ORDERED and DECREED that said Petition is DISMISSED. Petitioner has thirty (30) days from the date of entry of this Order in which to appeal this decision.

The Clerk of Court, in addition to service upon the District Attorney and Robert Kinnear, Esq. in the usual manner, shall serve a copy of this Order upon the Petitioner by certified mail, return receipt requested.

BY THE COURT:

MAUREEN A SKERDA, P.J.

2014 APR 17 PM 3:23
WARREN COUNTY
PROTHONOTARY/
CLERK OF COURTS
FILED

"APPENDIX A"                                                          837